IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:25-cv-02334-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| TRANSUNION, LLC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Thomas Edwards sued Defendant TransUnion, LLC. on March 24, 2025, alleging Fair Credit Reporting Act ("FCRA") violations.[1] (ECF No. 2.) *See* 15 U.S.C. §§ 1681 *et seq*. Under Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. Plaintiff then moved to proceed in forma pauperis. (ECF No. 3.) And Judge Pham granted that Motion. (ECF No. 7.) Judge Pham then screened the Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 8.) Judge Pham issued his Report and Recommendation ("R&R") in June 2025, recommending that the Court grant Plaintiff leave to amend. (*Id.*) For the reasons below, the Court agrees with Judge Pham's analysis and conclusion and therefore **ADOPTS** the R&R.

---

[1] That same day, Plaintiff sued four other defendants under the FRCA. *See Edwards v. National Credit Adjusters, LLC (NCA)*, No. 2:25-cv-02326-TLP-tmp (W.D. Tenn.); *Edwards v. Opensky Capital Bank NA*, No. 2:25-cv-02328-TLP-tmp (W.D. Tenn.); *Edwards v. FinWise Bank*, No. 2:25-cv-02332-TLP-tmp (W.D. Tenn.); *Edwards v. First Premier Bank*, No. 2:25-cv-02336-TLP-tmp (W.D. Tenn.).

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b), advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Judge Pham entered his R&R on June 17, 2025. (ECF No. 8.) Plaintiff did not object, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with his well-reasoned analysis.

Plaintiff asserts that Defendant violated 15 U.S.C. § 1681e(b). (ECF No. 2 at PageID 3.) To state a claim under section 1681e(b), a plaintiff must show: "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) (citation omitted). Judge Pham correctly found that Plaintiff fails to plausibly state a claim under these elements. (*See* ECF No. 8 at PageID 18.) That is because all of Plaintiff's

allegations are conclusory. For example, Plaintiff asserts that Defendant "willfully and negligently failed to maintain reasonable procedures to assure [] maximum possible accuracy." (ECF No. 2 at PageID 3.) But that merely restates an element under *Twumasi-Ankrah*. Such conclusory statements do not contain the facts needed to plausible state a claim here. *See Taylor v. Experian*, No. 23-506, 2023 WL 5214689, at *4 (S.D. Ohio Aug. 15, 2023), *report and recommendation adopted*, 2023 WL 6161658 (S.D. Ohio Sept 21, 2023). Yet Judge Pham recommends the Court give Plaintiff leave to amend rather than dismiss his Complaint. The Court agrees.

## **CONCLUSION**

The Court has reviewed Judge Pham's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation and **DIRECTS** Plaintiff to amend his claim within thirty days from entry of this Order. If Plaintiff fails to amend his complaint timely, the Court may dismiss the claim under Rule 41 for failure to prosecute.

**SO ORDERED**, this 15th day of December, 2025.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE